## JESS RIMBY V. STATE OF NEBRASKA.

FILED JULY 11, 1914. No. 18,488.

1. **Assault and Battery:** CONFLICTING EVIDENCE. Plaintiff in error was prosecuted for the crime of committing an assault with intent to inflict great bodily injury. The evidence submitted to the jury was conflicting, with the preponderance, in some respects, in favor of the state. On examination of the evidence, the substance of which is stated in the opinion, it is found that the evidence sustains the verdict finding defendant guilty.

2. **Instructions.** The instructions given and refused are examined, but not set out in the opinion, and no prejudicial error is found therein.

ERROR to the district court for Madison county: ANSON A. WELCH, JUDGE. *Affirmed.*

*H. F. Barnhart,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

REESE, C. J.

An information was filed in the district court for Madison county charging Jess Rimby, plaintiff in error, whom,

for convenience, will be referred to herein as defendant, with the crime of committing an assault upon Anna Rimby with intent to inflict great bodily injury upon her. Upon arraignment, he entered a plea of not guilty, was given a jury trial; the jury returning a verdict of guilty. After a motion for a new trial was filed and overruled, an indeterminate sentence of confinement in the penitentiary of not less than one year nor more than five years was pronounced. He alleges error, and presents the cause to this court for review.

The person, Anna Rimby, upon whom defendant is alleged to have committed the assault, was his wife, who was the only witness that testified to the alleged facts of the assault, although she was supported by other witnesses, who detailed facts and circumstances, which tended in some respects to strengthen and support her version of the affair. Briefly stated, the substance of her testimony is that, owing to some differences between them, she and defendant were not living together; that she had a room in an upper story of a building in Norfolk, the lower story being occupied by a saloon. She was working in a restaurant as table waiter, and on her return to her room, after darkness had set in, she seated herself upon a trunk near the foot of her bed in the room, when defendant crawled out from under the bed, saying, "I have you now," struck her, knocking her down, and began to beat her. It being dark in her room, she could not see if he used any weapon, but a rather deep gash was cut in her temple, which required the use of stitches to close it up. During the time of the assault she screamed and called for "help," when two men—bartenders in the saloon below—ran up to her room, and as they entered defendant made his escape through a window, lighting upon a roof of an adjoining building. The two men, who were employed in the saloon, testified that they heard a noise in the room above and some one screaming and crying for help, when they ran up to Mrs. Rimby's room, opened the door, and met her in the act of falling, her face bloody, and a deep cut or

96 Neb. 32

gash upon her head. They caught her, preventing her from falling, and at that time saw the feet and legs of some one going out through a window. Dr. Pilger testified that he was called upon to attend Mrs. Rimby, and found a deep gash or cut on the side of her head, in which it was necessary to take a couple of stitches, thereby bringing and holding the parts together; that the wound required care for a short time. Two policemen testified that they pursued defendant toward the river near the city, and found him near a thick growth of underbrush in the edge of the water; that he was arrested and taken to the jail, when one of the officers asked him why he did the act, when he answered that his intention was to put her out of business, or words to that effect; that, upon questioning him as to what he had done, he said he had "just beat hell out of her."

Defendant admitted being in the room of his wife on the occasion referred to, but denied being under the bed; that he sat upon the foot of the bed, and was sitting there when his wife came to the room. He testified that he did not strike her at all, but that she caught her foot on a rug and fell, striking her head on the corner of the trunk; that as soon as she saw him she started to run, crying "Help!" and "Murder!" He admitted that he made his escape from her room through a window, as stated by his wife and the two witnesses who came into the room, but gave as his reason for so doing that he knew she was mad and going to have him arrested, "as she had threatened to before."

This conflict in the evidence, created by the testimony of the defendant, presented to the jury the question as to which should be believed. They found the testimony of Mrs. Rimby to be true, and with that the court could not interfere. Defendant's conduct and statements added strongly to her version of the affair. Considering her testimony to be true, it presented an aggravated case of assault and battery, or an assault with felonious intent. Of this, the jury were the judges, and we cannot say that the verdict is not sustained by sufficient evidence, as claimed by defendant's counsel.

It is contended that the verdict is contrary to certain instructions given by the court; that certain instructions given were erroneous; and that certain instructions asked by defendant were erroneously refused. It would extend this opinion to an unreasonable length, without accomplishing any beneficial results, were we to present any analysis of each. It must be sufficient to say that we have carefully examined all instructions, both given and refused, and find that the law applicable to the case was fully and fairly given, each right of the defendant carefully guarded and protected. The instructions asked by defendant and refused were given, in substance, in the instructions already given, and we are unable to detect any error in the action of the court in that behalf.

Finding no error in the record, the judgment of the district court is

AFFIRMED.

ROSE, J., not sitting.